```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
ATHANASIOS DINIS,                                                    :
:
                                    Plaintiff,     :    22-CV-7741 (VEC) (JW)
:
              -against-                            :    ORDER ADOPTING IN
:    PART AND MODIFYING
NEW YORK CITY DEPARTMENT OF                        :    IN PART A REPORT &
EDUCATION and CHRISTINA KOZA, Principal of         :    RECOMMENDATION
Spring Creek Community School,                     :
:
                                    Defendants.    :
:
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 9, 2022, Plaintiff Athanasios Dinis, proceeding *pro se*, sued Defendants for alleged racial discrimination, including claims for hostile work environment, retaliation, and failure to promote in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), Dkt. 1;

WHEREAS on March 15, 2023, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 15;

WHEREAS on March 16, 2023, the Court referred this case to Magistrate Judge Willis for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 19;

WHEREAS on April 28, 2023, Plaintiff opposed to the motion to dismiss, Dkts. 22–23;

WHEREAS on February 8, 2024, Magistrate Judge Willis entered an R&R,[1] recommending that the Court dismiss the hostile work environment claims brought pursuant to Title VII, NYSHRL, and NYCHRL, as well as all Title VII claims against Defendant Koza but otherwise deny the motion to dismiss, Dkt. 27;

WHEREAS in the R&R, Magistrate Judge Willis notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's findings, *id.* at 33;

WHEREAS the R&R further notified the parties that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.* (using bold font);

WHEREAS Plaintiff did not object to the R&R but, after seeking and receiving an extension of the time to file objections, *see* Dkts. 28–29, on March 5, 2024, Defendants objected to a limited aspect of the R&R, Dkt. 30;

WHEREAS Plaintiff responded to Defendants' objection on March 20, 2024,[2] Dkt. 32;

---

[1]    On January 12, 2024, Plaintiff filed a letter seeking to supplement the Complaint with "additional comparator acts of racial discrimination and retaliation" that occurred after he filed the Complaint. Letter, Dkt. 25 at 1. On January 19, 2024, Defendants moved to strike Plaintiff's January 12, 2024, Letter as an improper sur-reply. Mot., Dkt. 26. Magistrate Judge Willis declined to consider Plaintiff's supplemental submission in the R&R but also declined to strike the motion from the docket. R&R, Dkt. 26 at 11. Plaintiff also raised new claims in response to Defendants objection. *See* Pl. Resp., Dkt. 32 at 7.

   For the reasons stated in the R&R, the Court does not consider Plaintiff's supplemental letter. *See* R&R at 10–11. Nor does the Court consider the new claims raised in Plaintiff's response to Defendants' objection. *See Clear Channel Outdoor, LLC v. City of New Rochelle*, 2022 WL 12404476, at *7 (S.D.N.Y. Oct. 20, 2022) (noting that Rule 72(b) does not permit new claims to be made in response to a report and recommendation); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (noting that "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law" (cleaned up)).

[2]    Although Plaintiff consented to receive electronic service on September 9, 2022, *see* Compl., Dkt. 1 at 8, that consent was not processed until March 18, 2024, *see* Consent, Dkt. 31. Thus, his response to Defendants' objection was timely. *See* Fed. R. Civ. P. 6(d). Because Plaintiff is now registered for electronic service, however, this Order and all future filings will be served on and by Plaintiff electronically.

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS when objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

WHEREAS Defendants object only to the R&R's recommendation that their motion to dismiss Plaintiff's retaliation claim, which is based on Defendants failure to name Plaintiff as a dean in summer 2021 following his filing a complaint with the union, be denied, Defs. Obj. at 3; and

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

IT IS HEREBY ORDERED that the R&R is adopted in PART, and Defendants' motion to dismiss is GRANTED in part. The Court DISMISSES Plaintiff's (1) Title VII, NYSHRL, and NYCHRL hostile work environment claims, (2) Title VII claims against Defendant Koza, and (3) Title VII, NYSHRL, and NYCHRL claims that Defendants retaliated against Plaintiff by failing to promote him to a dean position because he complained to his union.

In light of the substantive nature of Defendants' objection, the Court exercises its discretion to review *de novo* the portions of the R&R to which Defendants objected. Because the Court finds that the R&R's recommendation that the Court find that Plaintiff plausibly stated a retaliation claim based on Defendants' failure to appoint him as a dean following his complaint to the union on June 25, 2021, is erroneous, Defendants' objection is sustained.[3]

The Complaint alleges retaliation with respect to three positions that were available in the spring and summer 2021: two Central Dean positions and one Logistics Dean position. Compl. ¶¶ 13–14. Plaintiff alleges that he filed a complaint with the union on June 25, 2021. *Id.* ¶ 18. The Complaint also alleges that Plaintiff learned that he had not been selected for either of the Central Dean positions four days earlier, on June 21, 2021. *Id.* ¶ 14. It is axiomatic that a

---

[3] In his response to Defendants' objection, Plaintiff claims that Defendants' failure to promote him to the dean positions was also retaliation for additional complaints he made as early as April 2021. Pl. Resp. at 4. The Court concurs with the R&R, to which Plaintiff did not object, that the only protected activities alleged in the Complaint for purposes of his retaliation claims are his complaint to the union in summer 2021 and his complaint to the New York State Division of Human Rights ("NYSDHR") in fall 2021. *See* R&R at 30–32 (denying motion to dismiss claims that Defendants' failure to promote Plaintiff to dean were retaliation for filing NYSDHR and union complaints).

In that regard, the R&R was consistent with Plaintiff's opposition to Defendants' motion to dismiss. Plaintiff argued only that he plausibly alleged that Defendants retaliated against him for filing the union and NYSDHR complaints by refusing to appoint him to the dean positions; Plaintiff did not discuss any other potentially protected activity that could give rise to a claim of retaliation. *See* Pl. Opp., Dkt. 23 at 22–24. *See ABC v. Ironshore Specialty Ins. Co.*, 589 F. App'x 12, 13 (2d Cir. 2014) (holding that arguments not raised in opposition papers were forfeited). Although Plaintiff's opposition argued that Defendants retaliated against him for the filing of the NYSDHR complaint by issuing a disciplinary letter on November 3, 2021, *see* Pl. Opp. at 23, the letter does not constitute an adverse employment action because Plaintiff does not allege that this letter was "accompanied by any materially adverse consequences to the conditions of Plaintiff's employment." *Richards v. Dep't of Educ. of City of New York*, 2022 WL 329226, at *8 (S.D.N.Y. Feb. 2, 2022) ("[D]isciplinary letters cannot constitute adverse employment acts . . . on their own." (cleaned up)).

retaliation claim cannot be based on an adverse action taken before the protected activity. *LaLanne v. Begin Managed Programs*, 2007 WL 2154190, at *5 (S.D.N.Y. July 24, 2007) ("[I]t is well-settled that no Title VII claim exists where the alleged protected activity . . . occurred *after* the alleged adverse employment action."). That rule also applies to claims brought pursuant to the NYSHRL and NYCHRL. *See Mauro v. N.Y. City Dep't of Educ.*, 2020 WL 3869206, at *5 (S.D.N.Y. July 9, 2020) (dismissing Title VII and NYSHRL claims because the protected activity occurred after the adverse employment action); *Adams v. City of New York*, 837 F. Supp. 2d 108, 112 (E.D.N.Y. 2011) (noting that where plaintiff seeks to rely on indirect evidence to demonstrate retaliation, plaintiff must show "that the protected activity was followed closely by discriminatory treatment").

As to the Logistics Dean position, according to the Complaint, that decision was made on July 21, 2021, after Plaintiff complained to the union. Compl. ¶¶ 18–19. In response to Defendants' objection, Plaintiff explains that it is "circumstantially plausible to infer that the union told [Principal Koza] about the complaint." Pl. Resp. at 10. While the Complaint makes clear that, by the time the parties were going through the union grievance process in fall 2021, Defendants were aware of the union complaint, there are no facts in the Complaint from which the Court could plausibly infer that Defendants were aware, on July 21, 2021, of Plaintiff's complaint to his union.[4] *See Lucio v. N.Y. City Dep't of Educ.*, 575 F. App'x 3, 5 (2d Cir. 2014)

---

[4] In his response to Defendants' objection, Plaintiff cites cases standing for the proposition that "general corporate knowledge that the plaintiff has engaged in a protected activity" is sufficient to plausibly establish that the decisionmaker was aware of the protected activity. Pl. Resp. at 10 (quoting *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 332 (S.D.N.Y. 2020)). Those cases are distinguishable, however, because the union is not part of the New York City Department of Education. *See Moore v. Hadestown LLC*, 2024 WL 989843, at *13 n.6 (S.D.N.Y. Mar. 7, 2024) ("[A]n allegation of a complaint to a union representative is insufficient to plead the knowledge element of a retaliation claim absent any allegation that the union representative actually contacted anyone at Plaintiff's employer." (cleaned up)).

5

(finding that plaintiff failed plausibly to plead a retaliation claim because there was no "basis to conclude that the employer was aware that the plaintiff engaged in protected activity").

Having carefully reviewed the R&R for clear error, and finding no further error, the Court ADOPTS the remainder of the R&R.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at docket entry 15.

**SO ORDERED.**

Date:  March 21, 2024
      New York, NY

**VALERIE CAPRONI**
**United States District Judge**